## NORRIS ROSENHEIM ET AL.

### v.

## MARGARET J. FIFIELD.

1. PLEADING—ATTACHMENT.—Usually the plaintiff may allege as many grounds of attachment within the terms of the law as he may deem expedient. In doing so, the several grounds should be stated cumulatively and if any one of them be true it will sustain the attachment though all the others be untrue.

2. INSTRUCTIONS.—Although the instruction in this case for which error is assigned, standing alone, might be misunderstood, yet when read in connection with the preceding instruction it could not have misled the jury.

Rosenheim et al. v. Fifield.

ERROR to the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed February 7, 1883.

Messrs. KERRICK, LUCAS & SPENCER, for plaintiffs in error; cited Drake on Attachments, § 101.

Mr. W. E. HUGHES, for defendant in error; cited Bowden v. Bowden, 75 Ill. 143; Schwabacker v. Rush, 81 Ill. 310.

PER CURIAM. This was an attachment by appellants against Mrs. Fifield.

The affidavit charged the defendant with having fraudulently conveyed or otherwise disposed of her property within two years for the purpose of hindering and delaying her creditors, and also that she was about to fraudulently dispose of her property so as to hinder and delay her creditors.

On the trial the court gave the following instruction at the instance of defendant: The amount of the alleged indebtedness of Mrs. Fifield to the plaintiff is not a question for the jury to decide, and under the issues made by the pleadings the only questions for the jury to decide are:

1st. Was the defendant, when this suit was begun, about to fraudulently dispose of her property so as to hinder and delay her creditors?

2d. Has she within two years before this suit was begun fraudulently conveyed or otherwise disposed of her property so as to hinder and delay her creditors; and if the plaintiffs have failed to prove both of those points by a preponderance of the evidence you should find for the defendant.

"Usually the plaintiff may allege as many grounds of attachment within the terms of the law as he may deem expedient. In doing so, the several grounds should be stated cumulatively, and if any one of them be true it will sustain the attachment though all the others be untrue." Drake on Attachments, Sec. 101. (5th ed.)

The plaintiffs were entitled to recover if they proved either cause for the attachment, but if they failed to prove both of

the causes alleged they could not recover.    We think the in-
struction technically correct.

Even if liable to be misunderstood, standing alone, when
read in connection with the preceding instruction, it could
not have misled the jury.

.                                         Judgment affirmed.